UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 21-605 (RC) |
| | : | 21-371 (RC) |
| | : | |
| ISAAC WESTBURY, | : | Re Document No.:   113 |
| AARON JAMES, | : | |
| ROBERT WESTBURY, and | : | |
| JONAH WESTBURY, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**DENYING DEFENDANTS' MOTION TO DISMISS INDICTMENT ON FIRST AMENDMENT GROUNDS**

Defendants Isaac Westbury, Aaron James, Robert Westbury, and Jonah Westbury move to dismiss the indictment on First Amendment grounds.[1] *See generally* Defs.' Mot. to Dismiss ("Defs.' Mot."), ECF No. 113. The Government has opposed the motion. *See generally* Gov't's Opp'n Defs.' Mot. Dismiss ("Gov't's Opp'n"), ECF No. 117. Generally speaking, Defendants argue that (1) the First Amendment prohibits Congress from "deny[ing] [the public] access to the Capitol," Defs.' Mot. at 3, (2) Defendants have an unabridged "right to enter the Capitol [that] is not subject to the permission, will, or discretion of the government," *id.* at 4, (3) that the indictment must be dismissed because the charges "conflict with the Defendants' rights and duties . . . to speak freely, assemble with others, and petition for redress of grievances at the U.S. Capitol," *id.*, (4) that the charges are an "attempt[] to stifle and silence free speech in the

---

[1] Defendants moved to dismiss the indictment on November 4, 2023. Since that time, the Government has filed a Second Superseding Indictment. *See* Second Superseding Indictment, ECF No. 122. The Court assumes that the grounds asserted in Defendant's Motion to Dismiss apply with equal force to the counts charged in the Second Superseding Indictment.

process," *id.* at 7, and that (5) certain provisions of 40 U.S.C. § 5104(e)(2) are unconstitutional, *see id.* at 8–11.  The Court, like many other courts before it, disagrees.

## I.  LEGAL STANDARDS

A defendant in a criminal case may move to dismiss an indictment before trial for "failure to state an offense."  Fed. R. Crim. P. 12(b)(3)(B)(v).  A charging document may fail to state an offense if the statutory provision at issue does not apply to the charged conduct or if the statutory provision at issue is unconstitutional.  *See, e.g.*, *United States v. Eshetu*, 863 F.3d 946, 952 (D.C. Cir. 2017) ("The defense of failure of an indictment to charge an offense includes the claim that the statute apparently creating the offense is unconstitutional." (citation omitted)), *vacated on other grounds*, 898 F.3d 36 (D.C. Cir. 2018).  In considering a motion to dismiss, a court must accept the allegations in the indictment as true.  *See United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015).

An indictment "need only contain 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'"  *Id.* (quoting Fed. R. Crim. P. 7(c)(1)).  A charging document "is sufficiently specific where it (1) contains the elements of the offense charged and fairly informs the defendant of those charges so that he may defend against them, and (2) enables him to plead acquittal or conviction in bar of future prosecutions for the same offense.'"  *United States v. Safavian*, 429 F. Supp. 2d 156, 158 (D.D.C. 2006) (quoting *Hamling v. United States*, 418 U.S. 87, 117–18 (1974))).  "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes."  *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009).

With respect to a constitutional challenge to statutes charged in an indictment, a defendant may challenge a statute as unconstitutional on its face or as unconstitutional as applied to his or her conduct.  *See United States v. Caputo*, 201 F. Supp. 3d 65, 71 (D.D.C. 2016) (citing *United States v. O'Brien*, 391 U.S. 367, 376 (1968)).  A statute is facially overbroad under the First Amendment if it "prohibits a substantial amount of protected speech," judged in relation to "the statute's plainly legitimate sweep."  *United States v. Williams*, 553 U.S. 285, 292 (2008) (citing *Virginia v. Hicks*, 539 U.S. 113, 119–20 (2003)).  "The scope of that 'legitimate sweep' depends on an inquiry into [the nature of the] 'forum' . . . where the speech regulation applies." *United States v. Rhine*, 652 F. Supp. 3d 38, 62 (D.D.C. 2023); *see also id.* at 58 n.6.  In public fora—"which by long tradition or by government fiat have been devoted to assembly and debate"—the government's ability "to limit expressive activity [is] sharply circumscribed." *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 45 (1983).  In contrast, in nonpublic fora, "which is not by tradition or designation a forum for public communication," the government "may reserve the forum for its intended purposes, communicative or otherwise" and may impose "time, place, and manner regulations" on speech as long as the regulations are "reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view."  *Id.* at 46.  Separately, for an as-applied First Amendment challenge, a statute is unconstitutional if the defendant's conduct "is, in fact, expressive" and if the statute is "related to the suppression of free expression." *Caputo*, 201 F. Supp. 3d at 71 (internal quotations omitted).

## II.  ANALYSIS

Defendants appear to argue that two of the statutes charged in the Second Superseding Indictment—18 U.S.C. § 1752(a) and 40 U.S.C. § 5104(e)(2)—are unconstitutional, either on

3

their face or as applied to Defendants in this case.[2]  The Court will address the constitutionality of these statutes in turn.

### A.  18 U.S.C. § 1752(a)

First, Defendants challenge the constitutionality of 18 U.S.C. § 1752(a).  In relevant part, section 1752(a) makes it a crime to "knowingly enter[] or remain[] in any restricted building or grounds without lawful authority to do so," 18 U.S.C. § 1752(a)(1), or to "knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage[] in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions," *id.* § 1752(a)(2).  Section 1752 further defines the term "restricted buildings or grounds" to include "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting."[3]  *Id.* § 1752(c)(1).

---

[2] The Second Superseding Indictment also charges Defendants with violating 18 U.S.C § 231(a)(3) (making it a crime to "obstruct, impede, or interfere with any . . . law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder"), 18 U.S.C § 111(a)(1) and (b) (making it a crime to, with a "deadly or dangerous weapon," "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with any person . . . while engaged in or on account of the performance of official duties"), and 18 U.S.C § 1752(a)(4) (making it a crime to "knowingly engage[] in any act of physical violence against any person or property in any restricted building or grounds").  Defendants' motion does not address these statutes and the Court will largely follow suit.  In any event, the Court observes that multiple courts in this district have upheld at least some of these statutes against similar First Amendment challenges.  *See, e.g.*, *United States v. Grider*, 617 F. Supp. 3d 42, 50–52 (D.D.C. 2022) (upholding 18 U.S.C § 231 against First Amendment challenge).

[3] As an abundance of courts in this district have concluded, the U.S. Capitol was clearly covered by the definition of "restricted buildings or grounds" on January 6, 2021.  *See, e.g.*, *United States v. Puma*, 596 F. Supp. 3d 90, 114 (D.D.C. 2022); *United States v. Gossjankowski*, No. 21-cr-0123, 2023 WL 130817, at *7 (D.D.C. Jan. 9, 2023).

Defendants mount a sweeping challenge to the constitutionality of these statutes: they argue that they had the right to enter the Capitol building on January 6, 2021, and that Congress could not "lawfully deny access to the Capitol" under section 1752(a) because that would infringe on their First Amendment rights of speech, assembly, and petition. *See* Defs.' Mot. at 3. In other words, Defendants argue that section 1752(a) is both facially unconstitutional and unconstitutional as-applied.

A statute is facially overbroad under the First Amendment if it "prohibits a substantial amount of protected speech," judged in relation to "the statute's plainly legitimate sweep." *Williams*, 553 U.S. at 292. Facial challenges are allowed "for the benefit of society—to prevent the statute from chilling the First Amendment rights" of others, not just the parties particular to the case. *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 958 (1984). Here, a facial challenge fails because the plain text of section 1752(a)(1) clearly punishes conduct— unlawfully entering and remaining—and therefore does not reach "a substantial amount of protected speech." *See Williams*, 553 U.S. at 292–93 ("The first step in overbreadth analysis is to construe the challenged statute."); *see also Hicks*, 539 U.S. at 124 ("Rarely, if ever, will an overbreadth challenge succeed against a law or regulation that is not specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or demonstrating)."); *Rhine*, 652 F. Supp. 3d at 60 (holding that section 1752(a)(1) does not punish a substantial amount of protected speech).

The same is true of section 1752(a)(2). Again, a statute is facially overbroad under the First Amendment if it "prohibits a substantial amount of protected speech," judged in relation to "the statute's plainly legitimate sweep." *Williams*, 553 U.S. at 292. With respect to section 1752(a)(2), the plain text of the statute punishes conduct and not speech or expressive conduct.

*See, e.g.*, *Rhine*, 652 F. Supp. 3d at 59.  In addition, the statute contains "several limiting provisions that narrow its applicability," including the requirements that there must be intent to impede or disrupt; that government business or official functions are in fact impeded; and that the disorderly or disruptive conduct occur near a restricted building or grounds.  *Id.* at 59–60.  These provisions "substantially limit[] the amount of potentially protected expression" that the statute reaches.  *Id.* at 60.  The Court concludes, therefore, that section 1752(a)(2) "does not restrict a substantial amount of protected expressive activity in relation to its 'core' of legitimate applications" and that section 1752(a)(2) is not facially unconstitutional.  *Id.*

      Defendants' as-applied challenges fail as well.  For an as-applied challenge, a court "must first assess whether [the particular defendant's] conduct is, in fact, expressive, and then determine whether the challenged statute 'is related to the suppression of free expression.'" *Caputo*, 201 F. Supp. 3d at 71 (citation omitted).  Here, an as-applied challenge is premature.  On a motion to dismiss the indictment, the Court is limited to considering only allegations within the four corners of the indictment.  *See Safavian*, 429 F. Supp. 2d at 161 n.2; *see also United States v. Sutton*, No. 21-cr-0598, 2022 WL 1202741, at *9 (D.D.C. Apr. 22, 2022).  But to determine whether Defendants' conduct is expressive, the Court must necessarily consider facts outside of the indictment.  Although both Defendants' motion to dismiss and the government's opposition brief contain background information about the facts of this case, the Court may not consider such allegations when deciding a motion to dismiss.  *See United States v. Andries*, No. 21-cr-0093, 2022 WL 768684, at *8 (D.D.C. Mar. 14, 2022) (concluding that the facts set forth in the indictment were insufficient to resolve the defendant's as-applied vagueness challenge on

a motion to dismiss and that the court could not consider unsupported allegations in a brief). The Court may not find facts on a motion to dismiss.[4] *See id.*

### B.  40 U.S.C. § 5104(e)(2)

Defendants also challenge the constitutionality of 40 U.S.C. § 5104(e)(2). As relevant here, that statute makes it a crime to willfully and knowingly "engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress," 40 U.S.C. § 5104(e)(2)(D), or to willfully and knowingly "parade, demonstrate, or picket in any of the Capitol Buildings," *id.* § 5104(e)(2)(G).

Despite Defendants' assertions to the contrary, section 5104(e)(2)(D) is not facially unconstitutional. Section 5104(e)(2)(D) applies to conduct both within the Capitol building—which multiple courts in this district have held is a nonpublic forum, *see Rhine*, 652 F. Supp. 3d at 63 (collecting cases)—and on the grounds of the Capitol, which the D.C. Circuit has held is a public forum, *see Hodge v. Talkin*, 799 F.3d 1145, 1161 (D.C. Cir. 2015). In a public forum, content-neutral time, place, and manner regulations are permissible as long as they are "narrowly tailored to serve a significant government interest" and "leave open ample alternative channels of communication." *Perry Educ. Ass'n*, 460 U.S. at 45; *see Initiative and Referendum Inst. v. U.S. Postal Serv.*, 685 F.3d 1066, 1070 (D.C. Cir. 2012). Content-neutral regulations are "agnostic as to content," *City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 596 U.S. 61, 69 (2022), while content-based regulations "appl[y] to particular speech because of the topic discussed or the idea

---

[4] All that said, the Court has already separately held that Defendants may not argue at trial that their conduct was protected by the First Amendment. *See* Order at 2–3, ECF No. 146. That being so, it is difficult to see how Defendants would be able to prevail on the merits of an as-applied challenge.

or message expressed," *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015).  Although "on its face subparagraph (e)(2)(D) is directed at speech" because, among other things, it prohibits "utter[ing] loud, threatening or abusive language," *Rhine*, 652 F. Supp. 3d at 62, the Court concludes that Section 5104(e)(2)(D) is content-neutral in its regulation of speech given that it prohibits any loud, threatening, or abusive language without regard to the content of that language.  *See Rhine*, 652 F. Supp. 3d at 64 ("§ 5104(e)(2)(D) is content-neutral, as its prohibitions on 'loud, threatening, or abusive language' and 'disorderly or disruptive conduct' are plainly 'agnostic as to content.'" (citation omitted)).

Content-neutral regulations are subject to intermediate scrutiny, not strict scrutiny.  *See United States v. Popa*, 187 F.3d 672, 676 (D.C. Cir. 1999); *Democracy Partners v. Project Veritas Action Fund*, 453 F. Supp. 3d 261, 288–89 (D.D.C. 2020).  Under this standard, a statute is constitutional if (1) "it is within the constitutional power of the Government"; (2) "it furthers an important or substantial governmental interest"; (3) "the governmental interest is unrelated to the suppression of free expression"; (4) "the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest," *O'Brien*, 391 U.S. at 377; and (5) "[it] leave[s] open ample alternative channels for communication," *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984).  Section 5104(e)(2)(D) satisfies all of these requirements.

With respect to the first and second *O'Brien* requirements, it is within the constitutional power of the government to regulate conduct at the Capitol, and "ensuring public safety and order" is a substantial government interest, one that is "amplified near the Capitol . . . where prominent public officials are present and conducting official government business." *Mahoney v. U.S. Capitol Police Bd.*, 566 F. Supp. 3d 1, 9 (D.D.C. 2022) (quoting *United States v.*

*Mahoney*, 247 F.3d 279, 286 (D.C. Cir. 2001)).  With respect to the third and fourth requirements—and Defendants' reliance on the D.C. Circuit's opinion in *Lederman v. United States*, 291 F.3d 36 (D.C. Cir. 2002), *see* Defs.' Mot. at 10—section 5104(e)(2)(D) is unrelated to the suppression of free expression and is narrowly tailored to achieve the government interest. In *Lederman*, the D.C. Circuit concluded that the sidewalk around the Capitol building is a public forum and reasoned that the Capitol Police Board's regulation restricting "demonstration activity" near the Capitol was a "virtually per se" ban on expressive activity.  *Lederman*, 291 F.3d at 44–45.  The D.C. Circuit held that this regulation was not narrowly tailored and thus was unconstitutional.  *See id.* at 46.  Contrary to Defendants' argument, however, the statute at issue here—section 5104(e)(2)(D)—is wholly different from the "virtually per se ban on expressive activity" at issue in Lederman.  *Id.* at 45. As this Court previously stated in *Rhine*:

> [Section] 5104(e)(2)(D)'s prohibition on expressive activity is tethered to a requirement that the individual have the intent to "impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building" of congressional committees.  Indeed, the *Lederman* court *explicitly cited* the predecessor statute to § 5104(e)(2)(D), which is substantively identical to the present version, as an example of a "substantially less restrictive alternative[ ] that would equally effectively promote safety."

*Rhine*, 652 F. Supp. 3d at 65 (quoting *Lederman*, 291 F.3d at 45).  Finally, with respect to the fifth requirement under the intermediate scrutiny standard, section 5104(e)(2)(D) leaves open ample alternative channels for communication—under the statute, individuals are still "free to engage in a rich variety of expressive activities," *Mahoney*, 566 F. Supp. 3d at 11 (internal quotations omitted), as long as they are not "loud, threatening, or abusive" or "disorderly or disruptive," 40 U.S.C. § 5104(e)(2)(D).  The Court concludes that section 5104(e)(2)(D) is not facially unconstitutional.

Section 5104(e)(2)(G), too, is not facially unconstitutional.  Like section 5104(e)(2)(D), section 5104(e)(2)(G) reaches protected speech because it limits parading, demonstrating, or

picketing within the Capitol—conduct that is "necessarily associated with speech." *Hicks*, 539 U.S. at 124; see *United States v. Baez*, No. 21-cr-0507, 2023 WL 3846169, at *9 (D.D.C. June 2, 2023). The government's ability "to limit expressive activity [is] sharply circumscribed" in public fora, but in nonpublic fora, the government may impose reasonable and viewpoint neutral "time, place, and manner regulations." *Perry Educ. Ass'n*, 460 U.S. at 45–46. "[T]he interior of the Capitol buildings is a nonpublic forum." *Rhine*, 652 F. Supp. 3d at 63 (collecting cases). In a nonpublic forum like the interior of the Capitol, the government may impose time, place, and manner regulations "as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." *Perry Educ. Ass'n*, 460 U.S. at 46. This Court and others have analyzed section 5104(e)(2)(G) and concluded that the statute is viewpoint neutral and a reasonable regulation of conduct in the Capitol building." *See, e.g.*, *Rhine*, 652 F. Supp. 3d at 63–64; *Baez*, 2023 WL 3846169, at *9. The Court adheres to its prior finding here and concludes that section 5104(e)(2)(G) is facially constitutional.

Finally, to the extent Defendants challenge the as-applied constitutionality of section 5104(e)(2)(D) and section 5104(e)(2)(G), those challenges are, as above, premature, *see supra* Part II.A, and likely foreclosed by the Court's prior ruling on the Government's relevant motion *in limine*, *see supra* n.4. Defendants' motion to dismiss on this basis is denied.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss on First Amendment grounds (ECF No. 113) is **DENIED**.

**SO ORDERED**.

Dated:  February 3, 2024                                                                                   RUDOLPH CONTRERAS
                                                                                                                            United States District Judge