**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 21-605 (RC) |
| | : | 21-371 (RC) |
| | : | |
| ISAAC WESTBURY, | : | |
| AARON JAMES, | : | |
| ROBERT WESTBURY, and | : | |
| JONAH WESTBURY, | : | |
| | : | |
| Defendants. | : | |

## ORDER

### REFERRING MATTER TO CONFLICT ATTORNEY

On January 28, 2024, Defendants filed a motion to continue the trial that had then been scheduled to begin on February 12, 2024. ECF No. 138. In that motion, Defendants argued that the Government's filing of a Second Superseding Indictment, ECF No. 122, had inserted new issues and evidence into the case and also exposed "two of the defendants (but not the other two) . . . to significantly harsher potential sentences," ECF No. 138 at 2–3. Defendants contended that this "raise[d] serious questions about growing conflicts of interest." ECF No. 138 at 3. Specifically, Defendants argued that defendants Aaron James and Isaac Westbury faced far "more serious offenses" than did defendants Robert and Jonah Westbury, and that this "huge gap between the charges" raised the "potential for a disjointed trial, with a danger of the violent-crime allegations of two defendants being blurred with the much-less-serious allegations faced by the other two." *Id.* at 5. They further argued that Government's case essentially involved two separate "narratives"—one involving Aaron James and Isaac Westbury and the other involving Robert and Jonah Westbury. *Id.* According to Defendants, "[t]hese two narratives involve

starkly different evidence, testimony, locations, atmosphere, and circumstances." *Id.* Moreover, Defendants contended that "the trial of Aaron [James] and Isaac [Westbury] will by necessity be a longer trial." *Id.* at 6. For these reasons, Defendants concluded that "the previous understanding of counsel that there are no potential conflicts between and among the four codefendant[s] must be reassessed." *Id.*

Since Defendants filed their motion to continue the trial, they have terminated the representation of their previous counsel and hired new counsel to represent all four of them. *See* ECF Nos. 154, 155, 157; *see also* Minute Entry, *United States v. Westbury*, No. 21-cr-605 (Feb. 26, 2024). In a hearing on February 26, 2024, the Court noted that, because all four Defendants continue to be represented by one counsel, the potential conflicts of interest identified in Defendants' motion to continue the trial have not necessarily been mitigated. That being so, the Court explained that it would refer this matter to Barry Coburn, an attorney who, at an earlier stage of this case, had advised Defendants as to "whether [former] joint counsel John Pierce's representation of all of these defendants create[d] a conflict between any of them and Mr. Pierce and, if so, whether the conflict [could] be waived by any or all of the defendants." *See* Minute Entry, *United States v. Westbury*, No. 21-cr-605 (Feb. 26, 2024); *see also* ECF No. 37.

All that being so, it is hereby **ORDERED** that Barry Coburn is appointed as a conflict attorney for the limited purpose of advising the defendants, Jonah Westbury, Isaac Westbury, Robert Westbury, and Aaron Jones, in criminal cases 21-cr-371 and 21-cr-605, whether joint counsel Anthony F. Sabatini's representation of all of these defendants creates a conflict between any of them and Mr. Sabatini and, if so, whether the conflict can be waived by any or all of the defendants. It is **FURTHER ORDERED** that Barry Coburn is authorized to have direct communication with defendants Jonah Westbury, Isaac Westbury, Robert Westbury and Aaron

James, who are all represented by Mr. Sabatini, regarding matters in which they are represented to determine whether a conflict exists between any of these defendants and their counsel. Barry Coburn shall file a status report to the Court by March 28, 2024 proposing a schedule to complete the conflicts evaluation and to prepare a written report and recommendation to the Court advising the Court of his analysis of any current or potential conflict.

**SO ORDERED**.

Dated: February 27, 2024                                          RUDOLPH CONTRERAS
                                                                  United States District Judge